UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60308-CIV-MARRA/MATTHEWMAN

ROSA GARCIA,

Plaintiff,

vs.

TARGET CORPORATION d/b/a TARGET,
a foreign corporation, and JANE DOE, as store
manager,

Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant's Motion for Summary Judgment (DE 26). Plaintiff filed a response (DE 29). No reply memorandum was filed. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I.  Background

The facts, as culled from affidavits, exhibits, depositions, answers, answers to interrogatories and reasonably inferred therefrom in a light most favorable to the non-moving party, for the purpose of this motion, are as follows:

Rosa Garcia ("Plaintiff") and her son, Frank Garcia, went to Defendant Target Corporations's (Defendant) Target store located at 5800 South University Drive in Davie, Florida to have their eyes examined and to do some food shopping.  (Compl. ¶ 5, DE 1-1; Pl. Dep. 7, DE 25-1.)   They were there for several hours. (Pl. Dep. 7.)  It was not raining that day. (Pl. Dep. 7-8.)

On her way out of the store, Plaintiff slipped and fell.  Plaintiff "did not notice it was wet." (Pl. Dep. 7.)   Before she fell, Plaintiff did not see anything on the floor because she was walking. (Pl. Dep. 13.)   After she fell, she noticed the floor was wet as were her pants. (Pl. Dep. 12-13, 18; Frank Garcia Dep. 35, DE 29-2.)  Plaintiff saw "drops of water [and ] water all over." (Pl. Dep. 14, 19.)  The water was covering about two or three floor tiles. (Pl. Dep. 21.)

Mr. Garcia also saw that the floor was wet after her fall.  (Frank Garcia Dep. 36, 44-45, 48-49, 53-58.)   Mr. Garcia saw a puddle where Plaintiff fell, which was surrounded by water with footsteps. (Frank Garcia Dep. 44.)  Specifically, he noticed a footprint from a Timberland brand boot in the water as well as other footprints.  (Frank Garcia Dep. 44, 48-49.)  It looked as if crowds of people had walked in after it was raining and there was a streak. (Frank Garcia Dep. 49.)  After the accident, a Target employee wiped the ground and put a "caution wet floor" sign on the floor. (Frank Garcia Dep. 36.)

Defendant moves for summary judgment, claiming that it is entitled to summary judgment based on <u>Delgado v. Laundromax, Inc.</u>, 65 So. 3d 1087 (Fla. Dist. Ct. App. 2011).  Plaintiff responds that <u>Delgado</u> is distinguishable and that the footprints in the water create a question of fact as to Defendant's constructive notice,

II.  <u>Summary Judgment Standard</u>

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant  is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, <u>Anderson v.</u>

2

Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted."  Anderson, 477 U.S. 242, 249-50.

III. Discussion[1]

To sustain a cause of action for negligence, the burden of proof is on the plaintiff to establish that: (1) the defendant owed a duty of reasonable care to maintain the premises in a reasonably safe condition; (2) the defendant breached that duty and (3) the defendant's breach was the proximate cause of the plaintiff's injuries and resulting damages.  Rupp v. Bryant, 417 So.2d 658, 668 n. 27 (Fla.1982);  Lake Parker Mall, Inc. v. Carson, 327 So. 2d 121, 123 (Fla. Dist. Ct. App. 1976).  Defendant claims that summary judgment should be granted in its favor based on Delgado v. Laundromax, Inc., 65 So. 3d 1087 (Fla. Dist. Ct. App. 2011).

In Delgado, the plaintiff, who slipped and fell, initially testified she did not see the substance on which she slipped, but that it looked like water because it was transparent.  There was no evidence in the record that it was raining or that any of the defendant laundromat's washers or sinks were located near where she fell.  Id. at 1090.  Nor were there any additional facts that the spill was on the floor for a long a period of time prior to the accident.  Id.  The court noted that the plaintiff testified that she did not know where the water came from, she did not see any water anywhere else other than where she slipped, she did not know how long the water was on the floor, and she did not know of any laundromat employees who knew the water was on the floor.  Id.

The Court disagrees with Defendant that Delgado is indistinguishable from the instant case.  To the contrary, Plaintiff's son testified that there were footprints in the water on the floor

---

[1] In a diversity case, the Court applies Florida substantive law. See Pendergast v. Sprint Nextel Corp., 592 F.3d 1119, 1132–33 (11th Cir. 2010); Royal Ins. Co. of America v. Whitaker Contracting Corp., 242 F.3d 1035, 1040 (11th Cir. 2001).

and that it appeared crowds of people had walked in after it was raining, despite the fact that there is evidence that it was not raining the day Plaintiff fell in the store. These facts raise a genuine issue of material fact as to whether Defendant knew there was water on the floor but ignored it or should have discovered it earlier.

In contrast to Delgado, where there was no testimony to indicate what caused the plaintiff's injuries aside from the plaintiff's statement that there was water on the floor, the testimony of Plaintiff and her son raise a question of fact regarding whether Target knew or should have known about the liquid prior to the accident.[2] See Winn-Dixie Stores, Inc. v. Guenther, 395 So. 2d 244, 246 (Fla. Dist. Ct. App. 1981) ("testimony that the liquid was dirty and scuffed and had several tracks running through it was, in our opinion, adequate to impute constructive notice of the hazardous condition to the store manager."); Zayre Corp. v. Bryant, 528 So.2d 516 (Fla. Dist. Ct. App. 1988) (liquid with cart tracks running through it shows constructive notice of hazardous condition to the defendant).

For the foregoing reasons, the Court finds that genuine issues of material fact preclude the entry of summary judgment for Defendant.

---

[2] Nor is the Court persuaded by Defendant's reliance on Sacks v. Costco, No. 2009CA005968AXX, slip op. (Fla. Cir. Ct. Feb. 8, 2012), Sammon v. Target, No. 8:11–cv–1258–T–30EAJ, 2012 WL 3984728 (M.D. Fla. Sept. 11, 2012), Garcia v. Target, No. 1:12-cv-20135-WPD, slip op. (S.D. Fla. Feb. 26, 2013) and Feinman v. Target, No. 11–62480–CIV, 2012 WL 6061745 (S.D. Fla. Dec. 6, 2012). The Sacks case merely states it is "on all fours" with Delgado, without a discussion of the facts. Sacks, slip. op. at 1. In Sammon, the plaintiff testified that the substance appeared to be clean water and had not been walked through or tracked through with a shopping cart. Sammon, 2012 WL 3984728, at * 3. Likewise, in Garcia, the liquid was clear with no evidence of tracks. Garcia, slip op. at 4. Finally, in Feinman, there was no evidence as to the condition of the floor or the cause of the fall. Feinman, 2012 WL 6061745, at * 4.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment (DE 26) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of February, 2014.

_____
KENNETH A. MARRA
United States District Judge